**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-0332** (Putnam County 12-F-77)

**Thomas L. Moore Jr., Defendant Below,**
**Petitioner**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas L. Moore Jr., by counsel Troy N. Giatras and Matthew W. Stonestreet, appeals the Circuit Court of Marion County's February 7, 2013 order sentencing him to a term of incarceration of one to three years following his guilty plea to one count of driving on a revoked license, DUI related, third offense. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that he received ineffective assistance of counsel below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 11, 2012, petitioner was indicted for the felony offense of driving on a revoked license, DUI related, third offense. In December of 2012, the circuit court held a plea hearing, during which the circuit court asked petitioner if he understood the crime to which he was pleading. Petitioner replied that he was pleading guilty to "third offense of DWI on revoked." The circuit court clarified that "it's driving on a revoked license, DUI related, third offense," and thereafter asked petitioner if this was his understanding to which petitioner responded in the affirmative. After accepting petitioner's guilty plea, the circuit court sentenced petitioner to a term of incarceration of one to three years and ordered petitioner to pay a $3,000 fine. The circuit court approved petitioner's request to serve his sentence on home incarceration.

On appeal, petitioner alleges multiple errors in his representation below, including his own misunderstanding of the crime to which he was pleading and the rights he forfeited, as well as counsel's failure to object during the plea colloquy or present witnesses on his behalf. Because petitioner raises a claim of ineffective assistance of counsel in this direct criminal appeal, the Court declines to address this assignment of error. Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial.

1

We have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South,* 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995).

We decline to address this issue on direct appeal because the record is insufficient. The claim of ineffective assistance of counsel would more appropriately be addressed pursuant to a petition for writ of habeas corpus. If he desires, petitioner may pursue a petition for writ of post-conviction habeas corpus.

For the foregoing reasons, the circuit court's February 7, 2013 sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II